**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JOE HOUSTON,

      Plaintiff,

v.                                                                   Case No:  2:13-cv-237-FtM-38UAM

SUGARLAND PLAZA, INC.,

      Defendant.

_____/

<u>**ORDER**</u>

      This matter comes before the Court on the Parties' Joint Stipulation for Approval and Entry of Consent Decree Between Plaintiff and Defendant and Dismissal of Case with Prejudice (Doc. #14) filed on June 28, 2013.  The Parties have submitted a proposed consent decree to the Court, which they request be entered by the Court. Pursuant to Title III of the Americans with Disabilities Act, this Court is authorized to enter a consent decree requiring a public accommodation to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities.  The Parties' request that the Court retain jurisdiction to enforce the terms of the consent decree pursuant to <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1280 (11th Cir. 2012).

      A District Court can retain jurisdiction over a settlement agreement in two ways: "either (1) the district court must issue the order retaining jurisdiction . . . prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1280 (11th Cir. 2012).  Further, the

Order dismissing the suit may "embody the settlement contract . . . or . . . retain jurisdiction over the settlement contract if the parties agree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677 (1994).

The Parties agree that the Court shall retain jurisdiction over the settlement. Because the Parties have conditioned the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction, the Court hereby agrees to retain jurisdiction over the settlement agreement.

Accordingly, it is now **ORDERED**:

(1) The Parties' Stipulation for Approval and Entry of Consent Decree Between Plaintiff and Defendant and Dismissal of Case with Prejudice (Doc. #14) is **APPROVED**. The Consent Decree, attached hereto to this Order, is approved and entered, with the Court retaining jurisdiction over this matter for a period of **120 days** from the date of this Order for the purpose of enforcement of the Consent Decree. After that period of time has passed, the Court's jurisdiction will terminate without further notice.

(2) This matter is **DISMISSED with prejudice** pursuant to the Parties' stipulation.

(3) The Clerk is directed to terminate any pending motions and deadlines, and **CLOSE the case.**

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record